

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-23-2009

# In Re: Mark Snyder,

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2684

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"In Re: Mark Snyder, " (2009). *2009 Decisions.* Paper 1152.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1152

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-180                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2684
_____

IN RE:  MARK SNYDER, Debtor

MARK SNYDER,
                              Appellant

v.

EDWARD J. QUINLAN; BRANDON R. BLAKE;
RJB PROPERTIES GROUP, INC.; RICHARD J. BANDEL;
ARBORS MANAGEMENT, INC.; PAPERNICK & GHEFSKY, P.C.;
ROBERT L. MURPHY

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil No. 07-cv-01281)
District Judge:  Honorable Donetta W. Ambrose

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 14, 2009

Before:  McKEE, FISHER and CHAGARES, Circuit Judges.

(Filed:  June 23, 2009)
_____

OPINION
_____

PER CURIAM

Mark Snyder, proceeding pro se, appeals an order of the United States District Court for the Western District of Pennsylvania affirming a United States Bankruptcy Court order granting Appellees' motion to dismiss an adversary proceeding, and denying Snyder's motion to reconsider an order denying his request to remand the adversary proceeding to state court. We will summarily affirm the District Court's order.

Snyder and his siblings became indebted to Appellee Edward Quinlan pursuant to the terms of two notes, which were secured by mortgages on motel properties owned by Snyder and members of his family. In addition, Snyder managed and was the sole member of Allegheny Remodeling, LLC, which became indebted to Appellee Richard Bandel. This obligation was secured with a mortgage on an apartment property.

In 2003, Snyder, his siblings, and Allegheny Remodeling defaulted on the mortgages, and foreclosure proceedings were initiated in state court on the motel and apartment properties. Default judgments were entered in favor of Quinlan and Bandel in the foreclosure proceedings. Shortly before the default judgments were entered, however, Snyder and his family members began to file bankruptcy petitions. The Bankruptcy Court granted in rem relief from the automatic stay in two of the Snyder family members' bankruptcy cases in order to allow Quinlan and Bandel to complete the foreclosure proceedings. The apartment property was sold in 2004 via Sheriff's sale to Bandel, who assigned his bid to RJB Properties Group, Inc. The motel properties were sold via Sheriff's sale to Edward and Rose Quinlan in January 2005.

2

In October 2005, Snyder and Allegheny Remodeling filed a complaint in Pennsylvania state court against Quinlan, RJB Properties, and Brandon Blake seeking quiet title to the apartment and motel properties, cancellation of the mortgages and Sheriff's deeds, and monetary damages for breach of contract, unjust enrichment, fraud, conversion, and replevin. Quinlan, Blake, and RJB Properties moved to reopen Snyder's bankruptcy case, which had been dismissed, and filed a notice of removal of the state court action with the Bankruptcy Court.[1] The Bankruptcy Court vacated its dismissal of Snyder's bankruptcy case, and created an adversary proceeding for the removed state court action. The Bankruptcy Court also granted Snyder's motion to amend his complaint.

In May 2006, Snyder filed an amended complaint asserting claims for accounting, replevin, conversion, and violations of the Landlord Tenant Act with respect to the taking of his personal property at the apartment property, where he had resided.[2] At a June 2, 2006, hearing in Bankruptcy Court, Snyder conceded that he owned certain tools and building materials in the apartment property, but stated that his mother, who was not a party to the action, owned the other personal property there. Based on Snyder's admission, on August 6, 2007, the Bankruptcy Court granted Appellees' motion to

---

[1] Brandon Blake was apparently mistakenly listed as the grantee on the deed for the apartment property due to a clerical error. Blake was later dismissed as a party.

[2] Allegheny Remodeling was dismissed as a party for failure to obtain counsel. Snyder also named additional defendants in his amended complaint who were dismissed because Snyder did not have the permission of the court to add new parties to his action.

dismiss the adversary case and denied Snyder's request to reconsider an earlier order denying a remand of the adversary proceeding to state court. Regarding Snyder's tools and building materials, the Bankruptcy Court noted that Snyder did not produce evidence that his personal property was on the property, and that, to the extent that such property existed, it was without value. Snyder appealed.

The District Court rejected Snyder's principal argument that the Bankruptcy Court lacked subject matter jurisdiction over the adversary proceeding because his bankruptcy case had been dismissed. The District Court explained that, while the dismissal of a bankruptcy proceeding normally results in the dismissal of related proceedings, jurisdiction is premised on the nexus between the bankruptcy case and the related property. The District Court concluded that reopening was proper and that the requisite nexus existed given that the Bankruptcy Judge had previously granted in rem relief to the Appellees as to the properties at issue in Snyder's state court action. The District Court also stated that the Bankruptcy Judge wanted to ensure that Snyder recovered his personal property and that the estate retained its property. The District Court noted that the Bankruptcy Judge reviewed the mortgage Snyder had signed, which gave rise to the foreclosure of the apartment property.

We agree that the Bankruptcy Court properly exercised jurisdiction over the adversary proceeding. At the June 2, 2006, hearing, the Bankruptcy Judge recognized the limited bankruptcy purpose of the proceedings before her, noting that Snyder had not

4

filed a Chapter 13 plan and was unable to make plan payments. The Bankruptcy Court, however, explained that it was the only court that could determine what personalty belonged to Snyder because that decision would determine what personalty was the property of the estate, a core matter in the bankruptcy.

We also agree with the District Court that, to the extent Snyder challenges the Bankruptcy Court's factual findings regarding the items he sought to replevy from the apartment property, he did not show that those findings were clearly erroneous. The record reflects Snyder's admission that the personalty on the property, other than certain tools and materials, belonged to his mother. Finally, we disagree with Snyder's contention in District Court that the Bankruptcy Court erred in dismissing his Landlord Tenant Act claims. The Bankruptcy Court construed Snyder's First Amended Complaint as seeking replevin of personal property for violations of the Act, and correctly dismissed his claim based on his concession regarding the ownership of the property.

Because this appeal does not raise a substantial question, we will summary affirm the District Court's order.